UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALD L. PARKER (#415234) | CIVIL ACTION |
| VERSUS | |
| MSGT. BARBIE, ET AL. | NO. 14-0279-JWD-RLB |

### ORDER

This matter comes before the Court on the plaintiff's Motion for a Temporary Restraining Order (R. Doc. 26). This Motion is opposed.

The *pro se* plaintiff, an inmate incarcerated at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against MSgt. Jason Barbier and Lt. Eric Knapps,[1] complaining that the defendants have violated his constitutional rights, *inter alia,* by subjecting him to excessive force in January, 2014.

In the instant Motion, the plaintiff complains that he is under "mental emotional stress" because the defendants named in this proceeding have been assigned to work in and around his housing unit, and he encounters them on a daily basis. The plaintiff further asserts that defendant Barbie comes into contact with the plaintiff's lunch tray and "has to put his hands" on the plaintiff when the plaintiff is escorted to his daily shower. According to the plaintiff, this makes him "very very uncomfortable." The plaintiff further asserts that defendant Knapps makes rounds on the plaintiff's cell tier and that this defendant's face "get[s] very red" every time he sees the plaintiff. Finally, the plaintiff asserts that he "don't trust either one of the defendants," and he prays for non-

---

[1] The Court has provided the correct names of the two defendants, who were identified in the plaintiff's original Complaint as "MSgt. Barbie" and "Sgt. Krapps."

specific injunctive relief from the Court.

In order to obtain injunctive relief, the plaintiff must demonstrate "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003). "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Id.* at 196.

On the record before the Court, it does not appear that the plaintiff is entitled to the relief requested. His allegations are conclusory, and he has not alleged with any degree of specificity that the defendants have retaliated against him in fact, have caused him harm as a result of their proximity to the plaintiff's housing unit, or have made any real or tangible threats against him. Accordingly, the plaintiff has failed to establish, in the first instance, that there is a substantial threat that he will suffer irreparable harm if injunctive relief is not granted. Having failed to establish this essential component of a claim for injunctive relief, the plaintiff has failed to show that such relief is warranted in this case. Accordingly, the instant motion shall be denied.

**IT IS ORDERED** that the plaintiff's Motion for a Temporary Restraining Order (R. Doc. 26) be and it is hereby **DENIED**.

Baton Rouge, Louisiana, this 24 day of September, 2014.

**JOHN W. DeGRAVELLES**
**UNITED STATES DISTRICT JUDGE**