# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

DONALD L. PARKER (#415234)                                        CIVIL ACTION

VERSUS

MSGT. BARBIE, ET AL.                                              NO. 14-0279-JWD-RLB

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on November 7, 2014.

                                              RICHARD L. BOURGEOIS, JR.
                                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DONALD L. PARKER (#415234)**                                    **CIVIL ACTION**

**VERSUS**

**MSGT. BARBIE, ET AL.**                                                     **NO. 14-0279-JWD-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment of defendant Jason Barbier (R. Doc. 23). This Motion is opposed.

The *pro se* plaintiff, an inmate incarcerated at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against MSgt. Jason Barbier and Lt. Eric Knapps (originally named "MSgt. Barbie" and "Sgt. Krapps" in the original Complaint). The plaintiff complains that his constitutional rights have been violated through the use of excessive force and through deliberate indifference to his serious medical needs.[1]

Defendant Barbier now moves for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, and certified copies of the plaintiff's pertinent administrative remedy proceedings.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v.*

---

1. Defendant Eric Knapps has not yet been served with process in this case and has not participated in the instant motion.

*Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, the plaintiff alleges that on January 17, 2014, he expressed to the defendants that he did not wish to attend a scheduled call-out at the prison and asked to speak to a supervising officer. According to the plaintiff, defendant Eric Knapps then "kick[ed],

punch[ed] and kneed" the plaintiff while defendant Jason Barbier assisted. The plaintiff further alleges that he has not been provided with medical attention for his resulting injuries.

In response to the plaintiff's Complaint, the moving defendant contends in the instant motion that the plaintiff's claims are subject to dismissal for failure to exhaust administrative remedies. In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison *prior to* commencing a civil action in this Court with respect to prison conditions.[2] *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). This provision is mandatory and applies broadly to "all inmate suits about prison life". *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). One of the principal purposes of the administrative exhaustion requirement is to provide prison officials with "'time and opportunity to address complaints internally.'" *Johnson v. Johnson, supra*, 385 F.3d at 516, *quoting Porter v. Nussle, supra*, 534 U.S. at 525.

Upon a review of the plaintiff's pertinent administrative remedy proceedings, the Court concludes that the defendant's motion is well-taken and should be granted. Specifically, it appears that the plaintiff submitted an initial administrative grievance to prison officials on or about February 10, 2014, complaining of the alleged excessive force of January 17, 2014, and

---

2. 42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until* such administrative remedies as are available are exhausted." (Emphasis added).

also asserting numerous additional claims, including, *inter alia,* claims of harassment by other officers, of the deprivation of religious and legal materials, and of deliberate medical indifference. *See* R. Doc. 23-3 at pp. 3-7. Upon receipt of the referenced grievance, however, prison officials rejected same without substantive review on February 13, 2014, specifically because it contained "multiple complaints" in violation of prison rules. *See id.* at p. 2. *See also* 22 La. ADC, Part I, § 325(I)(1)(g) (providing that an administrative grievance may be rejected for certain stated reasons, including that "[t]he offender has requested a remedy for more than one incident (a multiple complaint)"). In apparent response to that rejection, the plaintiff submitted a second administrative grievance to prison officials on or about February 15, 2014, limiting his grievance to the single issue of alleged excessive force. See R. Doc. 23-4 at p. 15. Instead of then allowing that grievance to run its course through the administrative process, however, the plaintiff submitted his federal civil rights lawsuit for filing with this Court shortly thereafter, on or about February 25, 2014. Thus, at the time that the plaintiff filed the instant lawsuit, neither of his claims had been administratively exhausted. Although the plaintiff's second grievance was thereafter substantively addressed by prison officials, through denial at the First Step of the administrative process on April 4, 2014, and through denial at the Second (and final) Step of the administrative process on or about May 23, 2014, the subsequent exhaustion of the administrative process did not cure the deficiency. *See Gonzalez v. Seal*, *supra,* 702 F.3d at 788 (concluding that "there can be no doubt that pre-filing exhaustion of prison grievance processes is mandatory" and that "[d]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their [sic] complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not

exhausted"). Accordingly, it appears that the plaintiff's claims asserted against the defendant are subject to dismissal for failure to comply with the exhaustion requirement of 42 U.S.C. § 1997e.[3]

RECOMMENDATION

It is recommended that the Motion for Summary Judgment of defendant Jason Barbier (R. Doc. 23) be granted, dismissing the plaintiff's claims asserted against this defendant, without prejudice, for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e, and that this matter be referred back for further proceedings in connection with the plaintiff's claims asserted against the remaining defendant, Eric Knapps.

Signed in Baton Rouge, Louisiana, on November 7, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

3. The record reflects that the plaintiff submitted a third administrative grievance to prison officials on or about March 17, 2014, complaining therein regarding an alleged failure to provide him with medical attention. Whereas that grievance was substantively addressed by prison officials and denied at the First Step of the administrative process on July 10, 2014, the administrative record reflects that the plaintiff did not appeal that determination to the second and final step of the administrative process and so has not completed exhaustion relative to that grievance.