# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

DONALD L. PARKER (#415234)                         CIVIL ACTION

VERSUS

MSGT. BARBIE, ET AL.                               NO. 14-0279-JWD-RLB

## R U L I N G

The *pro se* plaintiff, a prisoner previously confined at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against MSgt. Jason Barbier and Lt. Eric Knapps, complaining that the defendants violated his constitutional rights through the use of excessive force and through deliberate indifference to the plaintiff's serious medical needs. Pursuant to an Opinion dated December 15, 2014 (R. Doc. 38), the Court granted partial summary judgment, dismissing the plaintiff's claims asserted against defendant Jason Barbie, and referring the matter back to the Magistrate Judge for further proceedings in connection with the plaintiff's claims asserted against defendant Eric knapps. On January 19, 2015, the plaintiff filed a Notice of Appeal in connection with the Court's Ruling. *See* R. Doc. 40.

In response to the plaintiff's Notice of Appeal, the Court entered an Order herein on March 2, 2015 (R. Doc. 41), directing the plaintiff to submit to this Court the applicable appellate filing fee within twenty-one (21) days or, within such time, to submit a properly completed Motion to Proceed *In Forma Pauperis* on Appeal pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure, together with a properly completed Statement of Account, certifying to the average six-month deposits and balance in the plaintiff's inmate account(s). The plaintiff was specifically advised that

a failure to respond to the Court's Order within the time allowed "may result in the dismissal of the appeal in this case without further notice from the Court." *Id.* A review of the record by the Court reflects that the plaintiff has failed to comply with the Court's directive. To the contrary, the service copy of the referenced Order, which was forwarded to the plaintiff at his record address, has been returned to the Court as undeliverable, with a notation on the returned envelope stating that the plaintiff is "NOT AT EHCC." *See* R. Doc. 42. In addition, on April 20, 2015, the United States Court of Appeals for the Fifth Circuit issued a Mandate in connection with the plaintiff's appeal, dismissing same for failure of the plaintiff to pay the Court's docketing fee. *See* R. Doc. 43. It appears that the service copy of the referenced Mandate has also been returned to the Court as undeliverable. *See* R. Doc. 44.

Pursuant to Local Rule 41(b)(4), the failure of a *pro se* litigant to keep the Court apprised of a change of address may justify dismissal of the proceeding for failure to prosecute when a notice has been returned to a party or the Court for the reason of an incorrect address, and no correction has been made to the address for a period of thirty (30) days. In such instance, the imposition of a sanction against the plaintiff is appropriate, and a sanction less severe than dismissal is neither feasible nor warranted. Specifically, if the Court were to impose a less severe sanction, there would be no means by which to give the plaintiff notice of the sanction. A sanction that is unknown to the sanctioned party, and for that reason cannot be enforced, is no sanction at all. Accordingly, the above-captioned proceeding shall be dismissed as a result of the plaintiff's failure to prosecute the above-captioned proceeding.[1] Therefore,

---

[1] The Court further notes that the single remaining defendant, Eric Knapps, has not been served and that the plaintiff has taken no action to effect service upon this defendant since the filing of the Marshal's Return in January, 2015, indicating that service was not successful. *See* R. Doc. 39. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, a Court shall dismiss an action, without prejudice, as to any defendant not served within 120 days of the filing of the

**IT IS ORDERED** that the above-captioned proceeding be and it is hereby **DISMISSED,** without prejudice.

Judgment shall be entered accordingly.

Signed in Baton Rouge, Louisiana, on <u>May 20, 2015</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

Complaint, absent good cause. Although an incarcerated *pro se* plaintiff is "entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such fault is through no fault of the litigant," *Rochon v. Dawson*, 828 F.2d 1107 (5th Cir. 1987), such plaintiff may not "remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Id.* Upon it appearing that the plaintiff has taken no action in this case to remedy the failure to effect service upon defendant Knapps, the Court concludes that he is unable to show good cause for such failure, and that this proceeding is subject to dismissal for this reason as well. *See id. See also Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444 (5th Cir. 1996).